THE STATE, TO USE OF BOONE COUNTY, *vs.* LOWRY AND OTHERS.

A rescue is not a good return to an execution. The sheriff or constable has the power of summoning the *posse comitatus* to prevent a rescue, and he is responsible if one is effected.

ERROR to Boone Circuit Court.

GORDON *and* TODD, *for Plaintiff in Error.*

1. That the levy, by execution, on property by an officer, is evidence of right to it in the defendant; and the defendant gave no evidence of right in the claimant to repel the presumption.

2. That after seizure by an officer, he cannot excuse himself from liability for its value, by reason of any force to seize, or recapture it, than that of a public enemy.—2 Saund. Rep., 343; 5 Burr, 2812; 4 T. Rep., 789; 2 Pick, 304; 2 H. Black., 113; 4 Littell's Reports.

ROLLINS, *for Defendants in Error.*

For the appellee, we insist, that he was in the active and faithful discharge of his duty, doing all that the law required at his hands; and was guilty of no manner of neglect or negligence, and cannot be chargeable in this action.

NAPTON, *Judge, delivered the opinion of the Court.*

This was an action of debt, instituted in the Circuit Court of Boone county, on the bond of the defendant and his securities, as constable of Missouri township.

The defendants plead *nil debet;* upon which issue was taken, and a trial had. In consequence of instructions of the court, the plaintiff took a non-suit, and moved to set it aside, because the court had given wrong instructions. This motion was overruled, and the case is brought here by writ of error.

On the trial it appeared, that a *fieri facias* issued from the office of Warren Woodson, a justice of the peace, directed to the defendant, Lowry, constable of Missouri township, and that, upon this writ, he made the following return:— " Came to hand this 7th day of March, 1840.—J. S. Lowry, C. M. T. Levied the execution on one boat and load of corn, supposed to be one hundred and thirty or forty barrels, shown to me as the property of W. S. Burch, by Robert T. Todd, the son of R. N. Todd, this 7th March, 1840; and on the 8th day of March, 1840, Stephen Pettus became the claimant of the corn and boat, and demanded a jury. I then summoned Stephen Pettus, Tandy Johnson, Thomas Jefferson, and Isaac Bledsoe, jun., as a guard to guard said boat and corn, till I could get back with a jury, and when I got to the place where I left the boat and corn, it was gone, and

The State, to use of Boone County, vs. Lowry and Others.

said guard was gone: this 9th day of March, 1840.—Returned not satisfied.—No other goods and chattels found, whereon to levy, in Missouri township.

"This 21st April, 1840.                            "J. S. LOWRY, C. M. T."

The defendants proved, in justification of the constable, that the execution was levied on the property stated in the return on Saturday night; that the claim of Pettus was immediately set up, and that thereupon the constable summoned a guard to watch the boat, until he could summon a jury to try the right of property. This trial was set for the Monday following, upon which day the constable returned with his jury, but found neither boat, corn, or guard.

They further proved, that, on this same morning, (Monday,) the defendant in the execution, (Burch,) with five armed men, took possession of the boat, expelled the guard, cut the boat's cable, and departed down the river; the corn being in the boat, and neither the constable or guard had any means of arresting the boat.

On this state of facts, the plaintiff asked the court to instruct the jury, that the facts proved did not amount to a justification of the constable, but he was liable to the amount of property levied on, which the court refused to give, and thereupon the plaintiff suffered a non-suit.

By the common law, the sheriff could not return that he had levied on goods, but that they were rescued out of his hands; for when the sheriff has levied on goods sufficient to satisfy the execution, there is no remedy against the defendant. —2 Bac. Abr., title, "Executions."

The sheriff has the power of summoning the *posse comitatus*, to prevent a rescue, and he is responsible if one is effected.

Cases of great hardship may happen, under so rigid a construction of his duties, but the principle is well settled. (O'Neil *vs.* Marson, 5 Burr, 2812; Elliot *vs.* Duke of Norfolk, 4 Durn. and East, 789.) The court should have given the instructions asked for by the plaintiff.

Judgment reversed, and cause remanded.